UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH J. PERRY,

    Plaintiff,

v.

MICHAEL BROWN, and WENDY JAMBROSE,

    Defendants.

Case No. 24-11271
Honorable Laurie J. Michelson

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Joseph J. Perry claims that, while he was incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, Warden Michael Brown and Nurse Wendy Jambrose failed to provide him adequate medical care for a fractured hand. (ECF No. 1.) So he filed a *pro se* civil rights complaint in this District under 42 U.S.C. § 1983. (ECF No. 1.) But venue is not proper in this District, so the Court transfers the case to the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

When federal jurisdiction is not based solely on diversity of citizenship, venue is proper in the judicial district where (1) any defendant resides if all of the defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant may be found if there is no other district in which the action may be brought. *See* 28 U.S.C. § 1391(b). "[T]he

court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013).

If venue is improper in the district where a case is filed but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under § 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012). The factors that guide a district court's discretion in deciding whether to transfer a case include the convenience of parties and witnesses, the locus of operative facts, the location of relevant documents, the availability of process to compel the attendance of unwilling witnesses, the relative means of the parties, the forum's familiarity with governing law, the weight accorded to plaintiff's choice of forum, trial efficiency, and the interests of justice. *See Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

Here, consideration of these factors weighs in favor of transfer. Perry alleges his constitutional rights were violated while he was incarcerated at the Kinross Correctional Facility in Chippewa County, i.e., in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). He sues a warden and nurse employed at Kinross by the Michigan Department of Corrections—two residents of Chippewa County for venue purposes. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 n.2 (E.D. Mich. 2009) ("Public officials 'reside' in the county in which they serve for purposes of venue in a

suit challenging official acts."); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam); (ECF No. 1, PageID.2 (identifying defendants' addresses as the Kinross facility in Kincheloe, Michigan).) So Perry's complaint arises from events occurring in the Western District, and he sues two defendants who reside there. He fails to allege that any "events or omissions giving rise to [his] claim" took place in this District. *See* 28 U.S.C. § 1391(b); *Miles v. WTMX Radio,* 15 F. App'x 213, 215 (6th Cir. 2001). Thus, venue is not proper in the Eastern District of Michigan.

Accordingly, the Clerk of the Court is ORDERED to transfer this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

Dated: May 24, 2024

                                             s/Laurie J. Michelson
                                             LAURIE J. MICHELSON
                                             UNITED STATES DISTRICT JUDGE