UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. PERRY,

    Plaintiff,

v.

MICHAEL BROWN, et al.,

    Defendants.

_____/

Case No. 2:24-cv-85

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation, (ECF No. 27), and Plaintiff's Objection to the Report and Recommendation, (ECF No. 29). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge.

After its review, the Court finds that Judge Vermaat's Report and Recommendation is factually correct and legally sound.

## DISCUSSION

On August 29, 2024, Defendant Jamros[1] moved to dismiss, or in the alternative, for summary judgment based on Plaintiff's failure to exhaust his administrative remedies before filing his complaint. (ECF No. 18). Defendant Jamros reasoned that Plaintiff's Step III Grievance Report showed that Plaintiff had not pursued any relevant grievances through Step III of the Michigan Department of Corrections (MDOC) grievance procedure. (*Id.*, PageID.50; *see also* ECF No. 18-1, PageID.54). Plaintiff did not respond, though he attached grievances to his complaint, (ECF No 1, PageID.12-18), and filed a grievance table identifying two grievances that he says he appealed through Step III of the MDOC's grievance procedure, (ECF No. 19, PageID.64).

In considering Defendant's motion, the Magistrate Judge noted that there was no indication that Plaintiff appealed the grievances attached to his complaint. (ECF No. 27, PageID.91-92). Furthermore, Plaintiff did not provide copies of the grievances reported in his grievance table. (*Id.*, PageID.90). And finally, Plaintiff's grievance table reflected that his Step III appeals were rejected, meaning his Step III grievance appeals were improper. (*Id.*) The Magistrate Judge therefore recommended that the Court grant Defendant's motion for summary judgment on the basis of exhaustion and dismiss this case without prejudice. (*Id.*, PageID.93).

After the Magistrate Judge issued the Report and Recommendation, Plaintiff mailed the Court a letter reading in its entirety:

> I Joseph Jerome Perry write to say I disagree with the Defendants Jambrose assumption and request [be]cause it [is] their fault if they

---

[1] Named as "Jambrose" in the complaint.

> don't have a copy of my Step 2 and Step 3 grievance [be]cause when I have ask[ed] they denied me and so when I did do it they didn't accept it and they messed up my due process.

(ECF No. 29, PageID.97).  Because Plaintiff proceeds pro se in this matter, the Court construes this letter as an objection to the Report and Recommendation.

Plaintiff's objection is not entirely clear, but he appears to assert for the first time that MDOC staff denied him Step II and Step III grievance forms.  However, nothing on the record before the Court supports this new assertion.  Plaintiff has not provided the Court with any written denials of his requests for grievance forms, nor has he provided the Court with a verified statement that staff denied him access to the grievance procedure.  In the absence of such evidence, Judge Vermaat's Report and Recommendation is factually correct and legally sound.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 27) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.  A separate Judgment will enter.


Dated:  December 11, 2024            /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     UNITED STATES DISTRICT JUDGE